# Fetchen v. Kelly Run Sanitation

C.P. of Allegheny County, no. GD95-17729.

*John P. Joyce,* for plaintiffs.

*Arthur A. Asti Jr.,* for Lawrence E. Trainer and Cheryl Trainer.

*Raymond J. Conlon,* for Richard D. Fetchen.

*David J. Obermeier,* for Kelly Run Sanitation Inc. and Lawrence E. Trainer.

*John G. Eidemueller Jr.,* for additional defendant PennDOT.

WETTICK, *J.,* November 25, 1998—This lawsuit arises out of a motor vehicle accident in which plaintiff-husband sustained orthopedic injuries to his lower extremities. By a letter dated October 15, 1998, defendants' counsel notified plaintiffs' counsel that he was scheduling a medical examination of plaintiff on November 2, 1998 with a neuropsychiatrist whom he identified and a medical examination of plaintiff on December 1, 1998 with an orthopedic surgeon whom he identified. Plaintiffs' counsel responded with a letter stating that he intended to be present with his client at these examinations and to record these examinations with a videotape recorder.

Neither defendants' counsel nor the neuropsychiatrist objected to the recordation of the November 2, 1998 examination with the videotape recorder. Consequently, plaintiffs' counsel videotaped this examination and apparently will be providing copies of the videotape to other counsel by agreement of the parties.

Defendants' counsel, apparently because of concerns of the orthopedic surgeon, objects to the videotape recording of the second examination. The subject of this opinion and order of court is a motion filed by defendants requesting that the medical examination by the orthopedic surgeon proceed as scheduled and that plaintiffs' counsel be precluded from videotaping the examination.

Pa.R.C.P. 4010 governs physical and mental examinations of persons. Prior to July 1, 1998, this rule author-

ized a court to order a person to submit only to a physical or mental examination by a physician. *Stokes v. Mattie,* 16 D.&C.3d 565, 129 P.L.J. 260 (1980). The rule was silent with respect to how an examination would be conducted. Consequently, case law determined whether persons other than the party to be examined could be present and issues involving the recordation of the examination. See *e.g., Koch v. Galardi,* 11 D.&C.3d 750, 127 P.L.J. 332 (1979).

Rule 4010 was extensively revised through amendments adopted on April 24, 1998, effective July 1, 1998. In addition to now permitting physical and mental examinations by licensed physicians, dentists, and psychologists, the amended rule provides guidance as to who may attend the examination and how it may be recorded. Rule 4010(a)(4)(i) provides that the person to be examined shall have the right to have counsel or other representative present during the examination. Rule 4010(a)(5)(i) reads as follows:

"The *person who is being examined* or who is producing for examination a person in the party's custody or legal control *may have made* upon reasonable notice and at the party's expense *a stenographic or audio recording of the examination.* Upon request and payment of reasonable cost, the party who caused the recording to be made shall provide each other party with a copy of the recording." (emphasis added)

Defendants' argument is obvious. Rule 4010(a)(5)(i) provides for only a stenographic or audio recording of the examination. Consequently, the party who is being examined has no right to videotape the examination without the permission of the other parties to the lawsuit.

Plaintiffs argue that Rule 4010(a)(5)(i) should not be construed to permit only stenographic or audio recordings of the examination. The rule does not say that the party who is being examined is prohibited from

videotaping the examination. Consequently, a party should be permitted to videotape an examination unless the party scheduling the examination can establish good cause for prohibiting the videotaping.

I disagree. Recordation by videotape is a method of recordation well known to the Pennsylvania Supreme Court. See *e.g.,* Pa.R.C.P. 4017.1. Its omission from Rule 4010(a)(5)(i) was not inadvertent.

Videotaping can be more intrusive than a stenographic or audio recording of the examination. It also can serve a different function. A stenographic or audio recording prevents disputes at trial concerning the content of the conversations between the party being examined and the examiner. Videotaping addresses what the examiner did and what the examiner saw. Even if the machine that makes the audio recording is operated by a partisan operator, it is unlikely that there will be any disputes over the accuracy of what was recorded. However, where an examination is recorded by videotaping, there is a significant likelihood of disputes as to whether the videotape fully and accurately reproduced the examination. This is particularly true if the examination has not been videotaped by a neutral and professional operator. In addition, issues involving interpretation will arise with a videotaped recordation.

If the words within Rule 4010(a)(5)(i) are not intended to operate as limitations, the same argument can be made with respect to other provisions of Rule 4010. For example, Rule 4010(a)(4)(i) provides that the person to be examined shall have the right to have counsel or other representative present during the examination. However, it does not explicitly state that counsel for the party scheduling the examination or other representatives of that party cannot also be present. Rule 4010 provides for a party to submit to physical or mental examination by an examiner. It does not explicitly state

that someone who is not an examiner cannot conduct an examination. The words of Rule 4010 were chosen for a purpose, namely to establish the boundaries for physical and mental examinations of persons.

In this case, the issue has not been presented and, consequently, I do not decide the interplay, if any, between the provisions of Rule 4010 or Pa.R.C.P. 4010.1 that establish the boundaries for physical and mental examinations of persons/evaluation of earning capacity and Pa.R.C.P. 4012 (protective orders) which provides that upon motion by a party or person from whom discovery is sought and for cause shown, the court may make any order which justice requires to protect a party or person from an unreasonable annoyance, embarrassment, oppression, burden, or expense.

For these reasons, I enter the following order of court:

## ORDER

On November 25, 1998, upon consideration of defendants' motion for protective order and argument thereon, it is hereby ordered, adjudged, and decreed that the independent medical evaluation by orthopedist, Dr. Scott Nettrour, shall proceed as scheduled on December 1, 1998, and that plaintiffs' counsel is hereby precluded from videotaping this examination.